FILED

September 25, 2015

IN COURT OF
WORKERS' COMPENSATION
CLAIMS

7:40 AM



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| **Darryl Lee Taylor** <br> **Employee,** ) | **Docket No.: 2015-02-0174** |
| ) | |
| **v.** ) | **State File Number: 43346/2015** |
| **City of Kingsport** ) | |
| **Employer,** ) | **Judge Brian K. Addington** |
| **And** ) | |
| **Tri State Claims Service** ) | |
| **TPA.** ) | |
| ) | |

---

## EXPEDITED HEARING ORDER DENYING ADDITIONAL MEDICAL AND TEMPORARY DISABILITY BENEFITS

---

The present focus of this case is the compensability of an employee's injury, sustained while unlocking a water meter at work. The central legal issues are whether the injury arose primarily out of and in the course and scope of employment and/or whether Mr. Taylor suffered a compensable aggravation of his pre-existing condition.[1] For the reasons set forth below, the Court finds the injury not compensable and denies the requested relief at this time.

### History of Claim

Employee, Darryl Taylor, is a fifty-three year-old resident of Washington County, Tennessee. (T.R. 1 at 1.) He works for the City of Kingsport (Kingsport) as a water service worker. (*See* Ex. 4 at 1.) On May 26, 2015, after unlocking a water meter, his left knee popped as he stood up, causing pain. (Ex. 1.)

Mr. Taylor testified he notified his supervisor of the incident and spoke to Katrina Hanog, who internally handles Kingsport's workers' compensation claims. She presented Mr. Taylor with a panel of physicians, and he chose Dr. Gregory Jeansonne because he previously treated a work- injury to Mr. Taylor's left leg. (Ex. 2, Ex. 6 at 11.) The parties settled Mr. Taylor's prior injury with a provision for open medical benefits.

---

[1] Additional information regarding the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

1

Dr. Jeansonne examined Mr. Taylor's left leg in the interim between his prior work-injury and his current injury and opined Mr. Taylor suffered degenerative issues in his left knee. (Ex. 6, at 5.)

During the initial visit following the May 26, 2015 incident, Dr. Jeansonne noted that Mr. Taylor previously sustained a work-related injury to his left knee in January 2011. (Ex. 6 at 3.) Mr. Taylor explained his knee popped on May 26, 2015, and he suffered no additional mechanical symptoms afterward. *Id.* Dr. Jeansonne performed a physical examination, which revealed a "40 cc effusion, significant pain and crepitus with patellar grind." Dr. Jeansonne opined he did not believe Mr. Taylor suffered an additional meniscal injury, but rather an exacerbation of his patellofemoral arthritis. *Id.* Dr. Jeansonne recommended a cortisone injection and ordered x-rays of the left knee. *Id.* at 3-4. X-rays indicated degenerative changes. *Id.*, at 4.

On June 8, 2015, Kingsport filed a Form C-23 Notice of Denial, which stated the "injury did not occur due to course and scope of employment." (Ex. 5.) The Notice indicated that Kingsport denied Mr. Taylor's claim on May 26, 2015, and notified him and his physicians of the denial that same day. *Id.*

Dr. Jeansonne examined Mr. Taylor again on June 10, 2015. Mr. Taylor reported only short-term relief from the cortisone injection and a quick return to baseline. (Ex. 6 at 2.) Following the examination, Dr. Jeansonne opined, "Left knee traumatic arthritis, likely related to his previous on-the-job injury." *Id.* Dr. Jeansonne wrote in the Plan, "This has been exacerbated by a new fall at work." *Id.* He recommended a total left-knee arthroplasty because Mr. Taylor did not respond to conservative treatment. *Id.*

Kingsport treated Dr. Jeansonne's surgery request as a request for surgery for Mr. Taylor's prior 2011 work injury. Kingsport sent the request to its Utilization Review agent, which denied the surgery. (Ex. 7.)

Mr. Taylor has not worked since the May 26, 2015 incident. Neither party submitted off--work slips or work restrictions from Dr. Jeansonne.

Mr. Taylor filed a Petition for Benefit Determination seeking additional medical and temporary disability benefits. (T.R. 1 at 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 5.) Mr. Taylor filed a Request for Expedited Hearing pursuant to Tennessee Code Annotated section 50-6-239 (2014). (T.R. 6.) This Court heard the matter on September 17, 2015. At the Expedited Hearing, Mr. Taylor asserted he injured his leg at work on May 26, 2015 and was entitled to additional medical treatment and temporary disability benefits. Kingsport countered that Mr. Taylor did not suffer a compensable injury or aggravation on May 26, 2015, and was not entitled to medical or temporary disability benefits.

2

## Findings of Fact and Conclusions Of Law

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987);[2] *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the workers' compensation statutes, an injury must arise primarily out of and occur in the course and scope of the employment. Tenn. Code Ann. § 50-6-102(13) (2014). An aggravation of a pre-existing injury is not compensable unless the aggravation arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102 (13)(A) (2014).

The Supreme Court has made clear that an aggravation of a pre-existing condition that results in increased pain but no anatomical change is not a compensable injury. *See Cunningham v. Goodyear Tire & Rubber Co.,* 811 S.W.2d 888, 891 (Tenn. 1991). "If a work injury aggravates a pre-existing condition merely by increasing pain, but does not otherwise 'injure or advance the severity' of the employee's condition the claimant did not sustain an injury by accident within the meaning of the Workers' Compensation Act and is not entitled to compensation." *NPS Energy Serv., Inc. v Jernigan,* (Tenn. Workers' Comp. Panel Oct. 4, 2001) (quoting *Cunningham,* 811 S.W.2d at 891).

On two occasions, Dr. Jeansonne opined that Mr. Taylor's incident at work exacerbated his pre-existing arthritis. Dr. Jeansonne opined Mr. Taylor's arthritic condition was "likely related to his previous on-the-job injury." Objective tests revealed degenerative, not acute, changes. Dr. Jeansonne opined Mr. Taylor's condition had

---

[2] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

returned to baseline. However, Dr. Jeansonne did not opine that Mr. Taylor aggravated his pre-existing condition or that the aggravation arose primarily from the incident on May 26, 2015. The AMA GUIDES TO THE EVALUATION OF PERMANENT IMPAIRMENT 25, (6th ed. 2008) define "aggravation" and "exacerbation" as follows: "

Aggravation is a circumstance or event that permanently worsens a preexisting or underlying condition. The terms exacerbation, recurrence, or flare-up generally imply worsening of a condition temporarily, which subsequently returns to baseline. Exacerbation does not equal aggravation."

The Court finds Mr. Taylor suffered only an exacerbation and not an aggravation of his pre-existing arthritic condition when his knee popped on May 26, 2015. According to Dr. Jeansonne, Mr. Taylor's pre-existing left--leg condition returned to baseline. Under these circumstances, the Court finds Mr. Taylor is unlikely to prevail at a hearing on the merits. His request for medical and temporary disability benefits is denied.[3]

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Taylor's claim against Kingsport for the requested additional medical benefits and temporary disability benefits is denied.

2. This matter is set for an Initial (Scheduling) Hearing on November 12, 2015, at 10:00 a.m. Eastern time.

**ENTERED this the 25th day of September, 2015.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Eastern Time (ET).**

---

[3] The Court's ruling has no effect on the open medical provision of Mr. Taylor's prior work-injury settlement.

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Additional Medical and Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 25th day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email/Mail Address |
|------|----------------|------------------|---------|------------|-----------|--------------------|
| Darryl Taylor | X | X | | | | 2275 Chimney Top Loop Fall Branch, TN 37656 |
| Mike Billingsley, Employer's Counsel | | | | | X | billingsley@kingsporttn.gov |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6

# APPENDIX

Exhibits:
1. Affidavit of Darryl Taylor, July 14, 2015
2. Choice of Physicians, May 27, 2015
3. Wage Statement, July 21, 2015
4. First Report of Injury, May 26, 2015
5. Notice of Denial, May 26, 2015, and June 8, 2015
6. Medical Records, Dr. Gregory Jeansonne

Technical record:[i]
1. Petition for Benefit Determination, June 15, 2015
2. Dispute Certification Notice, August 7, 2015
3. Request for Expedited Hearing, August 19, 2015

---

[i] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.